No proof is present relative to relator's ability to make bond, but a mere allegation alone is made.

█ Relator's bond herein is reduced to the sum of $500.00, and as thus reduced, the judgment is affirmed.

### On Motion for Rehearing.

WOODLEY, Judge.

Relator is joined by the State, acting through its district attorney, in a motion for rehearing.

It is urged that this was not a proceeding for the purpose of reducing bail, but that the State and Relator were seeking to have this court determine from the stipulated facts, whether or not such facts are sufficient to show a violation of the law by Relator, as charged in the complaint.

In other words, it is represented that there is some question in the minds of the district judge and the district attorney's staff as to whether or not the agreed facts constitute the offense charged in the complaint. They therefore desire that this court decide such question in advance of indictment or conviction by declaring the law in accordance with Relator's contention and ordering his release, or by overruling Relator's contention and thereby giving the green light to the prosecution.

█ In Texas, procedure such as demurrer to the evidence, declaratory judgment or pre-trial judgment, in criminal cases, is not recognized. See Johnson v. State, 111 Tex.Cr.R. 395, 13 S.W.2d 114; 23 C.J.S., Criminal Law, § 1060, p. 476.

█ The writ of habeas corpus may not be used for a similar purpose. On the other hand in passing upon the question of bail, it has been and is the policy of this court to avoid any unnecessary discussion of the case in order that the trial shall not be influenced by such opinion.

Upon the agreed statement that Relator is unable to make bond in any amount, and because of the time he has been in custody and the fact that the previous grand jury returned no indictment, the judgment is reformed, and Relator is ordered released upon his personal bond or recognizance in the sum of $500 without sureties, to await the action of the grand jury on the present complaint.

As so reformed, the motion for rehearing is overruled.

Opinion approved by the Court.

**Ex parte Jesse STEEL, Relator.**
No. 24892.

Court of Criminal Appeals of Texas.
June 21, 1950.

For former opinion, see 230 S.W.2d 233.

Power, McDonald & Mell, Tyler, for appellant.

George P. Blackburn, State's Atty., Austin, for the State.

WOODLEY, Judge.

We remain convinced that Relator was entitled to be discharged upon the expiration of ninety days after his commitment by the magistrate.

Under the provisions of Art. 1004, C.C.P., Relator may not again be arrested upon a charge of the same offense, except by a warrant from the Governor of this State.

The State's motion for rehearing is overruled.

Opinion approved by the Court.